JAVITCH LAW OFFICE
Mark L. Javitch (SBN 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

KJC LAW GROUP, A.P.C.
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
kevin@kjclawgroup.com

*Attorneys for Plaintiff*
and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| BEN FABRIKANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAST BRAND, INC. d/b/a QUINCE,<br><br>Defendant. | Case No.: [Case No.]<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BEN FABRIKANT ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant LAST BRAND, INC., ("Quince") to stop its illegal practice of providing false and misleading reference prices comparisons.

## NATURE OF THE ACTION

1. "Protection of unwary consumers from being duped by unscrupulous sellers is an exigency of the utmost priority in contemporary society." *Vasquez v. Superior Court*, 4 Cal. 3d 800, 808 (1971). This case exemplifies that concern.

2. This putative class action seeks to hold Quince accountable for a pervasive and misleading reference-pricing scheme in which Quince prominently advertises a strikethrough price labeled "Traditional retail" next to the actual sale price of its garments, accessories, home goods, and other consumer products sold on Quince.com.

3. Quince's "Traditional retail" price does not represent the former price of the very product being sold. Instead, Quince arbitrarily selects a higher price from what it claims is a "comparable" product sold by another brand. This is not disclosed clearly or conspicuously.

4. As a result, consumers shopping on Quince.com reasonably believe the "Traditional retail" price is a legitimate former price that Quince previously offered for the same product, when in reality, the product has never been sold by Quince, or by any retailer, at that strikethrough price.

5. This practice constitutes false reference pricing, inflates consumers' internal valuation of the product, and induces purchases under the mistaken impression that the consumer is receiving a substantial discount.

6. California law prohibits precisely this type of fictitious price comparison, wherein the advertised reference price is not an actual, bona fide former price of the same item. Quince's conduct violates the UCL, FAL, and CLRA.

7. Plaintiff brings this action on behalf of a nationwide class of consumers who purchased Quince products advertised with a "Traditional retail" strikethrough price.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs; the proposed class contains at least 100 members; and at least one class member is a citizen of a state different from Defendant.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant's headquarters are located in San Francisco, California.

10. This Court has personal jurisdiction over Quince because it is headquartered in California in this District.

## PARTIES

11. Plaintiff Ben Fabrikant is a natural person and resident of Lincoln, Nebraska.

12. Defendant LAST BRAND, INC. d/b/a Quince is a Delaware corporation with its principal place of business in San Francisco, California.

13. Last Brand, Inc.'s registered agent is Brent Antunez, 2012 16th St, San Francisco, CA 94103.

## DIVISIONAL ASSIGNMENT

14. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this action should be assigned to the San Francisco / Oakland division because it arises in San Francisco, CA.

## COMMON FACTUAL ALLEGATIONS

### Quince's Business Model and Price Advertising

15. Quince markets itself as a high-quality, "factory direct" alternative to luxury brands, purporting to eliminate "middlemen" to deliver products at "fair prices."

16. Throughout its website, Quince advertises every product with two prices displayed side-by-side:

a. A higher strikethrough price denoted as a price labeled "Traditional retail"; and

b. A lower actual selling price, often accompanied by statements about "savings" or "value."

17. Consumers are led to believe that the "Traditional retail" price is the genuine former price of the same product sold either by Quince or by other retailers. However, this is incorrect.

**The "Traditional retail" Price Does Not Represent a Former Price of the Same Item**

18. Quince does not use the strikethrough price to represent any former selling price of the product. Instead, Quince internally selects what it claims is a "comparable" item sold by another brand.

19. The comparator product is never the same brand, same manufacturer, or same SKU as the item sold by Quince.

20. Consequently, the price labeled "Traditional retail" is not the actual, bona fide former price of the product being sold, nor is it the prevailing market price for that product.

21. By labeling this comparator price as "Traditional retail," Quince misleads consumers into believing it reflects a legitimate prior price associated with the product itself.

22. Quince's website does not clearly or conspicuously inform consumers that the comparison is not to the same product but rather to a product Quince unilaterally and subjectively deems "similar."

23. Courts have repeatedly held that former-price comparisons must be based on the price of the exact product being sold. *See, e.g.*, *Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO, 2016 WL 3268995, at *4 (N.D. Cal. June 15, 2016).

24. Quince's fictitious comparison pricing scheme creates the false impression that consumers are receiving substantial discounts, which induces purchases they otherwise would not make.

**Plaintiff's Experience**

25. Plaintiff visited Quince.com and viewed product pages containing a "Traditional retail" price accompanied by a lower sales price.

26. Plaintiff reasonably believed that the "Traditional retail" Price represented a legitimate former price at which the product was previously offered for sale.

27. On November 28, 2025, Plaintiff purchased one item from Quince.com.

28. Plaintiff purchased a "Vintage Wash Tencel Camp Shirt Size: Large Color: Midnight Blue" for $39.90.




29. Underneath the price of $39.90, it said: "you save 63%." Slightly to the right of the actual price, it said ~~$108.00~~, with "Traditional retail" underneath.




30. Had Plaintiff known that the price labeled "Traditional retail" was not the price of the same product—but instead a comparison to an arbitrarily chosen different product—Plaintiff would not have purchased or would have paid less.

31. Plaintiff suffered economic injury as a result of Quince's deceptive price advertising.

**The Price Advertising Was Material and Uniform Across the Class**

32. Quince advertises the same reference-pricing format to all consumers nationwide through its website.

33. The use of a price labeled "Traditional retail" inflates consumers' perceived value of the products, creates artificial urgency, and increases demand.

34. A reasonable consumer would find Quince's price comparison material.

**CLASS ALLEGATIONS**

35. Class Definition: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a proposed class defined as follows:

> **Quince Reference Pricing Class**. All persons in the United States who, within four years prior to the filing of this Complaint until the date of Class Certification, purchased one or more products from Quince.com that were advertised with a price labeled "Traditional retail" or other strikethrough reference price.

36. The following people are excluded from the Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, as well as Defendant's current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37. Numerosity: The exact number of Class members is unknown to Plaintiff at this time and not available to Plaintiff, but individual joinder is impracticable. Upon information and belief, Defendant used "Traditional retail" reference pricing for thousands of transactions nationwide. Members of the Class can be identified through Defendant's records.

38. Typicality: Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff and Class members were all exposed to the same uniform, misleading price representations. Defendant displayed a higher price labeled "Traditional retail" next to a lower selling price for products purchased by Plaintiff and the Class, causing all of them to sustain similar injuries arising from Defendant's deceptive reference-pricing practices.

39. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the Class and is subject to no unique defenses. Plaintiff has retained competent counsel experienced in consumer class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the Class and have the resources to do so.

40. Policies Generally Applicable to the Class: This action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate with respect to the Class as a whole. Defendant's practice of advertising false "Traditional retail" reference prices is uniform and applies to all Class members.

41. Commonality and Predominance: There are questions of law and fact common to Plaintiff and the members of the Class, and these common questions predominate over any individual issues. Common questions include, but are not limited to:

a. Whether Defendant advertised false or misleading "Traditional retail" reference prices;

b. Whether the price labeled "Traditional retail" represented a former or prevailing market price for the same product;

c. Whether Defendant compared its products to non-identical "comparable" products in creating its reference prices;

d. Whether Defendant's price comparison practices were likely to mislead a reasonable consumer;

e. Whether Defendant violated the CLRA, the UCL, and the FAL;

f. Whether Class members suffered monetary damages or other economic injury as a result of Defendant's conduct;

g. Whether injunctive relief is warranted to prevent Defendant from continuing its deceptive reference-pricing practices.

42. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. Individual litigation of the claims of all Class members would be impracticable and financially burdensome for most consumers, whose individual damages are small relative to the expense of litigation. Even if Class members could bring individual suits, such litigation would cause unnecessary burden and expense and could lead to inconsistent results. By contrast, a class action will allow the Court to efficiently resolve the claims of all Class members in a single proceeding, achieving economies of time, effort, and expense, and ensuring uniformity of decisions.

**FIRST CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200 et seq.**
**(On Behalf of Plaintiff and the Class)**

43. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., prohibits "unlawful," "unfair," and "fraudulent" business acts or practices.

45. Defendant has engaged in unlawful, unfair, and fraudulent business acts and practices by uniformly advertising false, misleading, and deceptive "Traditional retail" reference prices for products sold on Quince.com.

46. Fraudulent: Defendant's conduct is fraudulent because it is likely to deceive members of the public. Defendant represents to consumers that its products are being sold at substantial discounts compared to a higher "Traditional retail," reference price, when in fact the reference price does not reflect any former or prevailing price for the same product. A reasonable consumer would believe that the "Traditional retail" price is a legitimate former price for the product being sold.

47. Unlawful: Defendant's conduct is "unlawful" under the UCL because it violates the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 et seq.), the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.), and California's former-price advertising regulations, including Cal. Bus. & Prof. Code §§ 17501 and 17502.

48. Unfair: Defendant's conduct is "unfair" because the harm to consumers outweighs any legitimate justification. Defendant's misleading price comparisons cause consumers to purchase products they otherwise would not have purchased or to pay more than they otherwise would have paid, thereby causing substantial consumer injury that is not reasonably avoidable and serves no countervailing benefit.

49. Defendant's uniform misrepresentations and omissions harmed Plaintiff and the Class by causing them to believe they were receiving a bargain relative to a genuine, higher former price, leading them to make purchases they would not have made but for Defendant's deception.

50. Plaintiff and the Class members have suffered economic injury as a direct and proximate result of Defendant's unfair, unlawful, and fraudulent conduct.

51. Plaintiff seeks restitution, disgorgement, injunctive relief, and all other relief permitted by the UCL.

**SECOND CAUSE OF ACTION**
**Violation of California's False Advertising Law ("FAL")**
**Cal. Bus. & Prof. Code §§ 17500 et seq.**
**(On Behalf of Plaintiff and the Class)**

52. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

53. California's False Advertising Law makes it unlawful for any person or company to make or disseminate any statement concerning the price of goods that is untrue or misleading, and which is known, or should be known, to be untrue or misleading. Cal. Bus. & Prof. Code § 17500.

54. Defendant violated the FAL by advertising products with a price labeled "Traditional retail" that falsely suggested the products were previously offered for sale, or sold, at that higher price, or that the price labeled "Traditional retail" reflected the prevailing market price for the same product.

55. In truth, the price labeled "Traditional retail" does not reflect any former or prevailing price for the specific product offered by Defendant. Instead, Defendant selects a price from what it subjectively deems to be a "comparable" product sold by an entirely different brand or retailer.

56. Defendant's use of a strikethrough price labeled "Traditional retail," combined with a lower selling price, creates a false impression that consumers are receiving a significant discount, thereby inducing purchases based on misleading information.

57. Defendant knew or should have known that its reference pricing scheme was false, misleading, and deceptive.

58. Plaintiff and members of the Class viewed Defendant's false reference pricing, reasonably relied on the representations, and were injured as a result.

59. Plaintiff seeks restitution, injunctive relief, and any other relief permitted under the FAL.

**THIRD CAUSE OF ACTION**
**Violation of the California Consumers Legal Remedies Act,**
**Cal. Civ. Code §§ 1750, et seq.**
**(By Plaintiff Against Defendant on Behalf of Himself and the Class)**

60. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

61. The Consumer Legal Remedies Act of 1970, Cal. Civ. Code §§ 1750, et seq. (the "CLRA") is a California consumer protection statute which allows plaintiffs to bring private civil actions for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction . . . which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The purposes of the CLRA are "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760.

62. Plaintiff and each member of the Class are "consumers" as defined by California Civil Code section 1761(d). Defendant's sale of products on its website to Plaintiff and the Class were "transactions" within the meaning of California Civil Code section 1761(e). The products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code section 1761(a).

63. Defendant violated and continues to violate the CLRA by engaging in the following practices prohibited by California Civil Code section 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Defendant's branded products: (1) Advertising goods or services with the intent not to sell them as advertised; and (2) Making false or misleading statements of fact concerning reasons for, the existence of, or amounts of price reductions. Cal. Civ. Code §§ 1770(a)(9) & (13).

64. With regards to section 1770(a)(9), Defendant advertised and represented its products on its website with the "intent not to sell" them as advertised because, among other things, the false

reference prices advertised in connection with products offered on its website misled and continues to mislead customers into believing the merchandise was previously offered for sale and/or sold at the higher reference prices for some reasonably substantial period of time.

65. With regards to section 1770(a)(13), Defendant made false or misleading statements of fact concerning the "existence of" and the "amounts of price reductions" because, among other things, no true price reductions existed—or at the very least, any price reductions were exaggerated—in that Defendant's products were rarely, if ever, previously offered for sale and/or sold at the higher reference prices for a reasonably substantial period of time.

66. As to this cause of action, Plaintiff seeks only injunctive relief at this time. Pursuant to Cal. Civ. Code § 1782, in conjunction with the filing of this action, Plaintiff's counsel is notifying Defendant by separate letter of the particular violations of the CLRA and demanding that it correct or agree to correct the actions described in this Complaint. If Defendant fails to do so, Plaintiff shall amend his Complaint as of right (or otherwise seek leave to amend the Complaint) to include compensatory and monetary damages to which Plaintiff and the Class is entitled.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 8, 2025 Respectfully submitted,

JAVITCH LAW OFFICE

By: /s/ Mark L. Javitch

Mark L. Javitch (SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Tel: (650) 781-8000
Fax: (650) 300-0343
mark@javitchlawoffice.com

KJC LAW GROUP, A.P.C.

/s/ Kevin J. Cole

Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: (310) 861-7797
kevin@kjclawgroup.com

Attorneys for Plaintiff
*and the Putative Class*